IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | | |
| Anthony Joseph Graff | : | Case No. 17-23378 JAD |
| Kathleen Anita Graff | : | Chapter 13 |
| Debtor(s) | : | |
| | : | |
| | : | Re Doc.53 |

## TRUSTEE'S BRIEF/MEMORANDUM RELATING TO MAY 3, 2018 ORDER

AND NOW, Ronda J. Winnecour, Chapter 13 Standing Trustee, through counsel, and files this Brief/Memorandum in Support of Motion to Vacate Order.

### FACTS

Debtors filed for relief under Chapter 13 of the Bankruptcy Code on August 22, 2017. On September 11, 2017, Debtors filed a Complaint against Range Resources – Appalachia, LLC for turnover of property, more specifically for royalty payments due debtors on account of a gas lease.

The Adversary Proceeding was ultimately settled by way of a stipulation releasing the royalty payment then due in the sum of $23,354.31. The stipulated settlement was approved by this Court on January 1, 2018. For reasons not entirely clear to the Trustee, funds of $19,354.31 (not $23,354.31) were sent to the Trustee. Likely, this sum was the net of debtors' available exemption. The parties do not dispute that the $19,354.31 is non-exempt, nor do they dispute that the liquidation alternative requirement in debtors' case, if it were to go forward, would mandate a one-hundred percent distribution to unsecured creditors.

Pending the royal payment dispute, Debtors' case progressed. Debtors proposed a plan. Creditors filed claims. Debtors appeared for a Section 341

Meeting of Creditors, and counsel appeared at conciliation conferences. The plan was not initially confirmed because debtors had not yet begun remitting plan payments. Debtors did not remit a plan payment until month three. At the conciliation conference on April 12, 2018, the case was scheduled for a contested confirmation.

Counsel was awarded additional fees of $4,222.50 by Order entered on May 17, 2018. Trustee did not object to the fee award. Beginning in plan month three, Debtors supplemented the royalty payment funds with additional payments, such that the balance on hand with the Trustee is presently $24,621.12 net of Trustee's fees. Therefore, sufficient funds exist to pay counsel's fee award.

Debtors now seek to dismiss their case. At the contested confirmation hearing, Trustee sought an opportunity to review existing case law to determine whether any authority exists to disburse the balance on hand to creditors despite the lack of a confirmed plan and confirmation order.

Trustee is aware of no basis on which to assert that the request for dismissal has been made in bad faith. Debtors assert that their reason for seeking dismissal is that since an attempt at loss mitigation for the mortgage loan failed, they lack the income to fund the plan, and the plan is therefore not feasible. The Trustee is aware of no facts or circumstances to challenge this assertion.

This Court graciously provided the Trustee opportunity to respond by Order entered May 3, 2018. The Trustee now responds to that Order.

DISCUSSION

The Trustee finds that under the facts of this case she must refund the balance on hand to the Debtors. The Trustee also finds, however, that she has both the authority and duty to pay administrative expenses prior to the refund.

Dismissal of a case is governed by 11 U.S.C. § 349. See *Cole v. Greenberg (In re Cole),* 2017 U.S. Dist. LEXIS 61814, *6-7 (D.C. N.J. Apr. 21, 2017). In *Cole*, debtor sought return of plan payments upon dismissal. The Third Circuit affirmed the lower court and ruled that debtor was not entitled to return of the funds, and further expressly ruled *Harris v. Viegelahn* inapplicable to dismissed cases. Id. *See also Harris v. Viegelahn*, 135 S. Ct. 1829 (2015) (holding that 11 U.S.C. § 348 requires that wages on hand with the Chapter 13 Trustee be returned to debtor upon conversion to Chapter 7).

11 U.S.C. § 349(b)(3) provides that dismissal "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."

*In re Cole* is instructive on the disposition of funds in cases with a *confirmed* plan. As *In re Cole* makes clear, Section 1326(a)(2) is also implicated at dismissal, and provides that:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

11 U.S.C. § 1326(a)(2).

Therefore, when read together, the two applicable code sections require that, in an unconfirmed case, funds on hand re-vest back to the Debtors, and the Trustee must return the funds. Had the case at bar had a confirmed plan, the outcome would be different: Section 1326(a)(2) would have authorized distribution of the funds on hand to creditors prior to dismissal.

Unlike Section 348, "[s]ection 349 does not address termination of the trustee's services or that absent bad faith, post-petition funds belong to the debtor." *Cole v. Greenberg (In re Cole)*, 2017 U.S. Dist. LEXIS 61814, *6. Thus, the Trustee's services do not end upon dismissal, another Trustee is not appointed, and the Trustee does have the authority and obligation to pay creditors in confirmed cases, and to pay administrative expenses, including her own fees, and those of counsel, in unconfirmed cases:

> It is important to note, however, that although the revesting provisions of § 349 and § 1326(a)(2) would place the subject funds back in the hands of the Debtor, the revestment is not immediate or automatic. Section 1326(a)(2) states that administrative expenses allowed pursuant to § 503(b) are to be paid out of the funds on hand if the plan is not confirmed. See 11 U.S.C. § 1326(a)(2). Therefore, before the funds may be returned to the debtor, the Chapter 13 trustee must complete the administration of the case, including making payments for expenses related to the administration of the estate.

*In re Kirk*, citing *In re Doherty*, 229 B.R. [461,] 464 [(Bankr. E.D. Wash. 1999)]."

In its May 3, 2018 Order, this Court Ordered the Trustee to address 11 U.S.C. § 1307(b). See *In re Graff*, Case No. 17-23378-JAD, Order, Doc. 53 (Bankr. W.D. Pa. May 3, 2018.) Most courts hold that Section 1307(b) gives the Debtor an unfettered right to dismiss the case even in, as we now know, cases in which debtors perform acts of bad faith or worse. In *Law v. Siegel*, the Supreme Court held that express statutory rights cannot be abridged by equitable

considerations. *Law v. Seigel*, 134 S.Ct. 1188 (2014). The language of Section 1307 is express: "[o]n the request of the debtor any time, … the court shall dismiss a case under this chapter." 11 U.S.C. § 1307(b).

Recently, the Honorable Judge Taddonio was faced with a similar fact pattern to the case at bar, except that the case ruled upon involved bad faith. *In re Pennington*, Case No. 16-22914, Memorandum Order, Doc. No. 106 (Bankr. W.D. Pa. May, 14, 2018).

In *Pennington*, the Trustee sought conversion of debtor's case in the face of debtor's request for dismissal, due to debtor's dissipation of assets and failure to remit plan payments. *Id*. Judge Taddonio held that debtor's "statutory right to dismiss his chapter 13 case cannot be abridged" even by accusations of bad faith. *Id*. He further described the mandate of Section 1307(b) as "unequivocal." *Id*.

Thus, Trustee concedes that debtors in the case at bar are permitted to dismiss their case without prejudice as there is no demonstrated bad faith, and further, that debtors are entitled a refund of the funds on hand after payment of Trustee's fees and counsel fees.

The Trustee requests that the Court enter an appropriate Order.

                                        RONDA J. WINNECOUR,
                                        CHAPTER 13 TRUSTEE

Date:  06/01/18                      by     __/s/ Jana S. Pail_____
                                              Jana S. Pail - PA I.D. #88910
                                              Attorney for Trustee
                                              US Steel Tower – Suite 3250
                                              600 Grant St.
                                              Pittsburgh, PA  15219
                                              (412) 471-5566
                                              jpail@chapter13trusteewdpa.com